## Nathan Y. Faucett *v.* John K. Harris, defendant, and Maggie S. Harris and William S. Harris, Terre-tenants and Appellants.

*Execution—Practice, C. P.—Remittitur—Record.*

Where a remittitur is made out and dated on the day following the affirmance by the Supreme Court of a judgment of the common pleas, but the record is not actually returned to the lower court until several weeks afterwards, and a levari facias is issued on the day that the remittitur is

made out, the Supreme Court will not, on an appeal from the dismissal of exceptions to the sheriff's sale, set aside the sale on the ground that the levari facias wàs issued while the record was in the Supreme Court, nor will it decree that the court erred in awarding the levari facias while the record was in the Supreme Court.

Argued Feb. 7, 1899.    Appeal, No. 334, Jan. T., 1899, by. the terre-tenants, from order of C. P. Chester Co., April T., 1898, No. 43, dismissing exceptions to sheriff's sale, and in awarding an alias levari facias.   Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Exceptions to sheriff's sale.

The record was not printed in the paper-books.

In appellants' history of the case the facts are stated to be as follows :

On January 11, 1898, judgment was entered against the defendant and terre-tenants in this case for want of a sufficient affidavit of defense.   An appeal was taken to the Supreme Court by the terre-tenants and made a supersedeas within three weeks after the entering of said judgment.   On March 21, 1898, the Supreme Court affirmed the judgment of the court below. On the next day the prothonotary of the Supreme Court prepared the remittitur and dating it March 22, 1898, held it with the record until April 20, 1898, when he sent it by express to the court below, where it arrived the next day, April 21, 1898. It was retained by the prothonotary of the Supreme Court more than the ten days provided by law because a motion filed for a reargument was not passed upon till April 18, 1898.    On March 22, 1898, the next day after the affirmance of the judgment by the Supreme Court, the levari facias was issued in this case, the record still being in the Supreme Court.   The sheriff was notified that the sale would be illegal under such circumstances.   He filed his notice among the papers of the case in the prothonotary's office and reported that the plaintiff directed him to go ahead irrespective of the notice.   Exceptions were filed to the sheriff's sale, but they were dismissed.

It was stated in appellee's paper-book that the appeal in this case, according to the writ of certiorari issued by this Court, is "the appeal of Maggie S. Harris and W. S. Harris, terre-tenants, from the judgment in awarding alias execution or levari facias,

No. 43, April term, 1898, wherein Nathan Y. Faucett was plaintiff and John K. Harris and the appellants were defendants."

*Errors assigned* were (1) in awarding the alias execution or levari facias sur mortgage, No. 43, April term, 1898, while the record was in the Supreme Court; (2) in not setting aside the sale of the real estate made by the sheriff, on a levari facias issued while the record was in the Supreme Court.

*W. S. Harris*, for appellants.—In the case of Patterson v. Judge, 17 W. N. C. 127, it is said Webster defines "in" to mean, "within; inside of;" and the court very properly decided that a mortgage payable in one year after date could be paid at any time within the year. If the language had been "at the expiration of one year," a different decision would have been the result.

No further proceedings can be had in the court below until the record be actually returned to it: Cox v. Henry, 36 Pa. 446; Election Case, 2 Brewster, 122; 2 Brewster's Practice (2d ed.), sec. 3463.

*J. Frank E. Hause*, for appellee, was not heard, but in his printed brief said: When this Court disposes of a case, whether by affirmance or reversal, the record is here until the remittitur is executed: Cox v. Henry, 36 Pa. 445, but as soon as the decree remitting the record is made, the record is no longer in this Court, but in the court below for all purposes, whether physically there or not: McCall v. Crousillat, 3 S. & R. 7.

PER CURIAM, February 20, 1899:

We find nothing in this record that requires us to sustain either of the specifications of error; nor is there anything in the questions intended to be raised by them that requires discussion.

Judgment affirmed.